

**SO ORDERED.**

**SIGNED this 26 day of September, 2011.**

Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

___

Opinion designated for on-line use but not print publication.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| BISON PARK DEVELOPMENT, LLC, | CASE NO. 07-22754 |
| DEBTOR. | CHAPTER 11 |

| In re: | |
|---|---|
| TROY ALEXANDER RUF and NANCY RENE RUF, | CASE NO. 10-21171 |
| DEBTORS. | CHAPTER 7 |

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION OF
NORTH AMERICAN SAVINGS BANK, F.S.B.,
TO REOPEN CASES TO FILE ADVERSARY PROCEEDING REGARDING
ENFORCING PRIOR JUDGMENT AND
ALTERNATIVELY FOR REVOKING DISCHARGE/ADMINISTERING ASSET**

The matter under advisement is "North American Savings Bank, F.S.B.'s Motion

to Reopen Cases to File Adversary Proceeding Regarding Enforcing Prior Judgment and Alternatively for Revoking Discharge/Administering Asset" (hereafter "Motion").  North American Savings Bank, F.S.B. (hereafter "NASB"), seeks to reopen two bankruptcy cases previously pending in this Court, *In re Bison Park Development, LLC*, Case No. 07-22754 (hereafter "Bison Park Bankruptcy") and *In re Ruf*, Case No. 10-21171 (hereafter "Ruf Bankruptcy"), for the purpose of allowing the filing of identical adversary proceedings in both cases.  In those proposed adversary complaints, NASB prays for enforcement of a prior judgment in Adversary Case No. 08-6086, filed in the Bison Park Bankruptcy, or, in the alternative, administration of assets and revocation of the discharge of Debtor Troy Alexander Ruf (hereafter "Debtor Troy Ruf") granted in the Ruf Bankruptcy.  NASB appears by Thomas M. Franklin of the Franklin Law Firm.  Bison Park Development, LLC (hereafter "Bison Park"), and Debtor Troy Ruf oppose the Motion and appear by David E. Shay of Seigfreid Bingham Levy Selzer & Gee, PC, and Robert J. Bjerg of Colantuono Bjerg Guinn, LLC.  There are no other appearances.  The Court has jurisdiction.[1]

**BACKGROUND FACTS.**

The factual basis for the Motion is uncontroverted facts concerning the Bison Park

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984.  A motion to reopen a case is a core proceeding which this Court may hear and determine as provided in § 157(b)(2)(A).  There is no objection to venue or jurisdiction over the parties.

Bankruptcy, the Ruf Bankruptcy, and the proceedings in *Bison Park Development, LLC, v. North American Savings Bank, FSB*, pending in the Circuit Court of Jackson County, Missouri, as Case Number 1116-CV12825 (hereafter "Missouri Case"). Bison Park is a Missouri limited liability company engaged primarily in the ownership, development, and construction of residential real estate. At the times relevant to the Motion, Debtor Troy Ruf and a relative, August A. Ruf, shared equal ownership of Bison Park.

NASB provided financing to Bison Park and related persons and entities. The lending was secured in part by a deed of trust on Missouri real property known as Whispering Cove. The Bison Park Bankruptcy was initiated by a voluntary petition for relief under Chapter 11 filed on December 6, 2007. On July 28, 2008, Bison Park, as debtor in possession, commenced an adversary proceeding against NASB, Adversary Case No. 08-6086 (hereafter "Bison Park Adversary Case"). Bison Park alleged it had received less than reasonably equivalent value in return for giving NASB the Whispering Cove deed of trust, so it could avoid that transfer as fraudulent under the Missouri version of the Uniform Fraudulent Conveyance Act, through 11 U.S.C. § 544(b), and under 11 U.S.C. § 548(a), and consequently, could also avoid the payment of proceeds from the sale of Whispering Cove to NASB. By opinion filed on May 7, 2009, NASB was granted summary judgment on the claims. No appeal was taken from the judgment. During the Bison Park Bankruptcy, there was other litigation between Bison Park and NASB, as Bison Park objected to NASB's proof of claim and NASB contested Bison Park's ability

3

to confirm a plan of reorganization. Bison Park's disclosure statement was approved.[2]

Under the section addressing funding of the plan, the disclosure statement provided:

> Debtor has completed an initial investigation and review of the lending relationship with NASB that strongly suggests the existence of lender liability claims against NASB under state law. Debtor is currently evaluating the feasibility of prosecuting such claims and anticipates a final decision on that issue shortly.[3]

A plan was not confirmed. The United State Trustee moved to dismiss, and an agreed order of dismissal was entered in the Bison Park Bankruptcy on November 20, 2009.

On April 2, 2010, NASB obtained a $131,540.35 state court judgment against Debtor Troy Ruf on guaranties he gave for his construction company, Alexander Construction, Inc. Debtor Troy Ruf and his wife, Nancy R. Ruf, filed a voluntary petition under Chapter 7 on April 13, 2010. Debtor Troy Ruf's 50% membership interest in Bison Park was disclosed on Schedule B with a value of "unknown." Schedule F listed NASB as an unsecured creditor for a 2006 guarantee, and NASB was included on the creditor matrix. However, NASB did not object to the Debtors' schedules or discharges. Debtor Troy Ruf was granted a discharge on July 28, 2010, and the case was closed the same day.

On May 18, 2011, Bison Park filed the Missouri Case against NASB. The factual allegations include the pledge of the Whispering Cove property, its sale, and the

---

[2] Case No. 07-22754, dkt. 137.

[3] *Id.*, dkt. 73, p. 9.

4

application of the proceeds to the Bison Park loan. The petition asserts lender liability causes of action for fraud, negligent misrepresentation, breach of contract, and promissory estoppel. The damages sought are in excess of $75,000.

**ANALYSIS.**

**1. The Motion to Reopen the Bison Park Chapter 11 Case is Denied.**

NASB moves to reopen the Bison Park Bankruptcy for the purpose of filing an adversary proceeding in which NASB would ask this Court to find that the judgment in the Bison Park Adversary Case is res judicata, and bars the claims being asserted against NASB by Bison Park in the Missouri Case. For the following reasons, this relief cannot be granted.

As authority for reopening the case, NASB relies upon 11 U.S.C. § 350(b), which provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." But this section does not apply here, since the Bison Park Bankruptcy was dismissed, not closed. As stated by the Ninth Circuit:

> The word "reopened" used in Section 350(b) obviously relates to the word "closed" used in the same section. In our opinion a case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing.[4]

---

[4] *Armel Laminates, Inc., v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982); *see also* 3 *Collier on Bankruptcy*, ¶ 350.03 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2011).

5

NASB provides no authority to the contrary. The Bison Park Bankruptcy cannot be reopened.

Since the case cannot be reopened, the Court will not address whether, if the case were reopened, this Court would be a proper forum for determining the res judicata effect of the judgment in favor of NASB in the Bison Park Adversary Case. In any event, it is clear that NASB can raise these defenses in the Missouri Case.

## 2. The Motion to Reopen the Ruf Bankruptcy is Denied.

NASB seeks to reopen the Ruf Bankruptcy for the purpose of filing a complaint to revoke the discharge of Debtor Troy Ruf and "to allow the Trustee to make a decision about administering any asset." The proposed complaint alleges that the Rufs' schedules did not disclose the claim against NASB, and that Debtor Troy Ruf waited until after his discharge to assert the claim so he could keep any proceeds for himself. It is alleged that the discharge was obtained through fraud, and that NASB was not aware of such fraud until after Debtor Troy Ruf's discharge was granted.

The Court finds that the Motion to reopen the Ruf Bankruptcy is predicated upon a misunderstanding of Debtor Troy Ruf's interest in the causes of action being asserted in the Missouri Case. First, it must be emphasized that Bison Park, not Debtor Troy Ruf, is the plaintiff in the state court litigation. The limited liability company borrowed from NASB and is asserting lender liability claims arising from the financing. Second, as a member of Bison Park, Debtor Troy Ruf has no specific interest in Bison Park's causes of action. A limited liability company, such as Bison Park, "is a form of legal entity that has

6

the attributes of both a corporation and a partnership but is not formally characterized as either."[5]  A member, such as Debtor Troy Ruf, is a person who has been admitted to the limited liability company as a member.[6]  A member's interest in the company is personal property,[7] and a "member has no interest in specific limited liability company property."[8]  The limited liability company, not a member, is the proper party to enforce the limited liability company's rights against third parties.[9]  Therefore, Debtor Troy Ruf, as a 50% member of Bison Park, has no direct interest in the causes of action being asserted by Bison Park.

Reopening a bankruptcy case for the purpose of administering assets is permitted by § 350(b), but the circumstances of this case do not establish a basis to reopen the Ruf Bankruptcy.  When a case is reopened to administer assets, "the assets must be assets that were not known at the time the case was closed."[10]  This corresponds to § 554(c), which provides:

> Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned

---

[5] ___ Am. Jur. 2d *Limited Liability Companies* § 1 (2011) (available at Westlaw AMJUR LIMLIACO § 1, database updated August 2011).

[6] Mo. Ann. Stat. § 347.015(11) (West 2011).

[7] Mo. Ann. Stat. § 347.115(1).

[8] Mo. Ann. Stat. § 347.061(1).

[9] See Mo. Ann. Stat. § 347.069(1).

[10] 3 *Collier on Bankruptcy*, ¶350.03[1]

7

> to the debtor and administered for purposes of section 350 of this title.

Since Debtor Troy Ruf's personal property asset relating to Bison Park was his membership interest, not the specific asset of Bison Park's claims against NASB, Debtor Troy Ruf had an obligation to schedule that membership interest, not the causes of action. He did so. This membership interest was listed on Debtor Troy Ruf's Schedule B, with a value of "unknown." Pursuant to § 544(c), the asset was administered and abandoned to the debtor. NASB cannot reopen the Ruf Bankruptcy for the purpose of allowing the trustee to administer Debtor Troy Ruf's interest in Bison Park.

Next, the Court denies NASB's Motion to reopen the Ruf Bankruptcy for the purpose of filing an adversary complaint seeking to revoke Debtor Troy Ruf's discharge pursuant to 11 U.S.C. § 727(d)(1). That section provides that if other requisites are present, the Court may revoke a Chapter 7 debtor's discharge if it "was obtained through the fraud of the debtor." "The fraud required to be shown must involve intentional wrong, and does not include implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality."[11] It is essential that the party requesting the revocation of discharge did not know of the fraud until after the discharge was granted, and the person seeking to revoke the discharge "is required to have exercised diligence in investigating the facts during the case, especially after having been put on notice of

---

[11] 6 *Collier on Bankruptcy*, ¶ 727.17[2].

8

Case 10-21171    Doc# 44    Filed 09/26/11    Page 8 of 10

possible fraud."[12]

In the proposed adversary complaint it submitted, NASB alleges that Debtor Troy Ruf "did not disclose the asset he now seeks to enforce in the Circuit Court of Jackson County" and "waited until after his discharge in Chapter 7 and then started this case so as to keep any proceeds for himself."[13] NASB asserts that Debtor Troy Ruf's discharge was obtained through this alleged fraud and that NASB was not aware of such fraud until after the granting of Debtor Troy Ruf's discharge.

In general, reopening a case for the purpose of filing a timely[14] complaint for revocation of discharge is appropriate. However, in this case the Court will not reopen the Ruf Bankruptcy for the purpose of filing a proposed complaint which on its face is insufficient. NASB's premise for revocation of discharge is that the causes of action being asserted by Bison Park in the Missouri Case are assets of Debtor Troy Ruf and were concealed during his bankruptcy. As explained above, this is incorrect. Bison Park is the holder of the claims asserted against NASB. This is not just a technical error of pleading. The proposed complaint contains no allegations that the value, if any, of the Bison Park claims against NASB would inure to the benefit of Debtor Troy Ruf rather than the creditors of Bison Park, or that the listing of the value of the membership interest as

---

[12] *Id*. at ¶ 727.17[3].

[13] Case No. 07-22754, dkt. 199, p. 7.

[14] Pursuant to 11 U.S.C. § 727(e)(1), a complaint to revoke a discharge for fraud must be filed "within one year after such discharge is granted."

9

"unknown" was fraudulent.[15]

**CONCLUSION.**

For the foregoing reasons, the Court denies the Motion to reopen the Bison Park Bankruptcy, because the case was dismissed and dismissed cases are not subject to being reopened. The Motion to reopen the Ruf Bankruptcy is also denied, for the reasons stated above.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered denying North American Savings Bank, F.S.B.'s Motion to Reopen Cases to File Adversary Proceeding Regarding Enforcing Prior Judgment and Alternatively for Revoking Discharge/Administering Asset. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #

---

[15] Given NASB's involvement in the Bison Park Bankruptcy, the disclosure in that proceeding of possible lender liability claims against NASB, and NASB's duty to investigate when put on notice of possible fraud, the Court notes that if a proper claim for revocation of discharge were pled in the proposed complaint, it would be difficult for NASB to carry its burden to prove it lacked knowledge of the alleged fraud prior to the entry of Debtor Troy Ruf's discharge.